UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL TOLAND,

    Petitioner,                     CASE NO. 06-CV-11005

v.                                    DISTRICT JUDGE THOMAS L. LUDINGTON
                                     MAGISTRATE JUDGE CHARLES E. BINDER

ANDREW JACKSON,

    Respondent.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Darryl Toland ("Petitioner"), presently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in Wayne County Circuit Court of two counts of criminal sexual conduct in the second degree, Michigan Compiled Laws ("M.C.L.") § 750.520c, and sentenced as a habitual offender, fourth offense, M.C.L. § 769.12. In his *pro se* habeas application, Petitioner challenges his sentence. A response to the petition was filed on September 26, 2006. (Dkt. 8.)

On May 20, 2008, the case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Accordingly, the case is ready for Report and Recommendation.

**B.     Facts & Procedural History**

Petitioner was "originally charged with one count of criminal sexual conduct in the first degree (CSC I), M.C.L. § 750.520b, and two counts of CSC II. Complainant, [Petitioner's] fifteen-year-old mentally impaired niece, testified that defendant penetrated her vagina with his fingers, touched her vagina, and kissed her breasts. The jury acquitted defendant of CSC I, but convicted him of two counts of CSC II." *Michigan v. Toland*, No. 227354, 2002 WL 342203, *1 (Mich. Ct. App. Feb. 26, 2002) (unpublished). The state court's recitation of the facts is presumed correct on habeas review. *See Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001).

Petitioner's appeal as of right, filed by counsel, challenged his sentence on the grounds that the trial court abused its discretion under state law by departing upward from the state sentencing guidelines. The appeals court set forth the specifics:

> The applicable statutory sentencing guidelines recommended a minimum term range of nineteen to thirty-eight months for the convictions of CSC II. The range increased to nineteen to seventy-six months under the habitual offender grid. M.C.L. 777.21(3)(c). The trial court sentenced defendant to twenty to forty years in prison, with credit for 229 days. The trial court stated that it exceeded the guidelines because they did not adequately account for the circumstances of the offense.

*Id*. The Michigan Court of Appeals affirmed the sentence, finding that, "[t]he trial court did not err in finding that complainant's vulnerability, based on both her mental disability and her relationship to defendant, was given inadequate weight by the guidelines." *Id*. at *2. The court also found no merit in Petitioner's assertion that his trial counsel was ineffective for failing to object to the sentence. *Id*.

Petitioner applied for leave to appeal in the Michigan Supreme Court. That court issued an order vacating and remanding the case to the appeals court for reconsideration in light of a recently-decided Michigan Supreme Court case, *People v. Babcock*, 469 Mich. 247; 666 NW2d 231 (2003). On December 23, 2003, the Michigan Court of Appeals vacated Petitioner's sentence and remanded the case to the trial court for resentencing in accordance with *Babcock*, stating:

> While the sexual assault of a mentally disabled minor, particularly of one to whom defendant was closely related, is always an egregious offense, the court's enhanced minimum sentence represented over a three-fold increase from the maximum-minimum of defendant's enhanced sentencing guidelines range. In addition to the seriousness of the offense, defendant's criminal history must also be considered. And it appears that defendant had no prior convictions for assaultive behavior. *Compare to, e.g., People v. Perez*, 255 Mich. App 703; 662 NW2d 446 (2003), *vacated in part on other grds* 469 Mich. 415 (2003); *People v. Armstrong*, 247 Mich. App 423; 636 NW2d 785 (2001). Therefore, we hold that the trial court abused its discretion in fashioning a sentence that was "not proportionate to the seriousness of the defendant's conduct and his criminal history." *Babcock, supra* at 273.

*People v. Toland*, No. 227354, 2003 WL 23018527 (Mich. Ct. App. Dec. 23, 2003).

The trial court resentenced Petitioner, reducing his sentence to a term of eleven to forty years. Petitioner appealed again to the Michigan Court of Appeals, again challenging on state law grounds the reasons for and extent of the departure above the state guidelines. The court found as follows:

> The statutory guidelines established a minimum sentence range of nineteen to seventy-six months in prison. M.C.L. 777.64. The trial court originally imposed a sentence of twenty to forty years, citing as reasons for departure that the victim was defendant's fourteen-year-old niece and "that she was a guileless innocent or retarded child" who was "exploited because of her mental limitations." This Court agreed that the reasons cited by the trial court justified an upward departure from the guidelines, but determined that the reasons cited did not justify the extent of the departure and remanded for resentencing. *People v. Toland* (On Remand), unpublished opinion per curiam of the Court of Appeals, issued December 23, 2003 (Docket No. 227354). On remand, the trial court imposed a minimum sentence of eleven years, and gave as reasons for the departure those previously used by the trial court and the additional reasons that defendant had escaped from prison and had

3

accumulated numerous misconduct citations while in prison. Defendant again challenges the reasons for and the extent of the departure.

The trial court may depart from the guidelines for nondiscriminatory reasons where there are legitimate factors not considered by the guidelines, or where factors considered by the guidelines have been given inadequate or disproportionate weight. M.C.L. 769.34(3)(a), (b); *People v. Armstrong*, 247 Mich. App 423, 425; 636 NW2d 785 (2001). Only objective factors that are capable of verification and that are substantial and compelling reasons may be used to deviate from the minimum sentence range. We review the trial court's determination regarding the existence of a reason or factor warranting departure for clear error, the determination that a particular factor is objective and verifiable for error, and the determination that objective and verifiable factors present a substantial and compelling reason to depart from the statutory minimum sentence for an abuse of discretion. An abuse of discretion "occurs when the trial court chooses an outcome falling outside the permissible principled range of outcomes." *People v. Babcock*, 469 Mich. 247, 273-274; 666 NW2d 231 (2003).

The factors previously cited by the trial court are objective and verifiable and present substantial and compelling reasons for a departure. *Toland, supra*, slip op at 2. And, the law of the case doctrine thus prevents defendant from contending otherwise here. *Ashker v. Ford Motor Co.,* 245 Mich. App 9, 13; 627 NW2d 1 (2001). The additional factors cited by the trial court, that defendant had escaped from a corrections center in July 1990 and had acquired eleven misconduct tickets since being incarcerated, are also objective and verifiable. These factors are not taken into account by the guidelines, and thus presented substantial and compelling reasons for a departure. M.C.L. 769.34(3)(b).

Once the trial court has a valid basis for departing from the guidelines, the reasons cited by the court must justify the particular departure. *Babcock, supra* at 272-273; *People v. Hegwood*, 465 Mich. 432, 437 n10; 636 NW2d 127 (2001). The extent of the departure must be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Babcock, supra* at 264. "The amount a trial court departs from the guidelines is reviewed to determine whether the trial court abused its discretion." *People v. Abramski*, 257 Mich. App 71, 74; 665 NW2d 501 (2003).

The maximum minimum sentence under the guidelines was seventy-six months, or six years, four months. Because defendant took advantage of a young niece's mental incapacity to sexually molest her because he committed these criminal acts after previous convictions that resulted in increasingly harsher sentences of probation, jail time, and prison time because defendant continued to engage in wrongful conduct, including sexual misconduct, while in prison, we find that the trial court did not abuse its discretion in departing upwards from the guidelines by four-plus years. *Abramski, supra*.

*Michigan v. Toland*, No. 254027, 2005 WL 2465757, at *1 - *2 (Mich. Ct. App. Oct. 6, 2005) (unpublished).

Petitioner's application for leave to appeal to the Michigan Supreme Court was denied, because the court was "not persuaded that the questions presented should be reviewed by this Court." *Michigan v. Toland*, No. 129803 (Mich. Dec. 27, 2005).

In March 2006, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus, which asserts the following claims:

> I. THE MINIMUM SENTENCE, WHICH IS NEARLY TWICE THE SENTENCE GUIDELINE, IT IS NOT PROPORTIONAL.
>
> II. THERE WERE NOT SUBSTANTIAL AND COMPELLING REASONS TO JUSTIFY AN UPWARD DEPARTURE OF ALMOST TWICE THE MAXIMUM MINIMUM GUIDELINE SENTENCE.

(Pet., Dkt. 1, attachment at 1.)

**C.    Law and Analysis**

**1.    Standard of Review**

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court

precedent" and arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or if the state court either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 1520.

## 2. The Response

Respondent asserts that neither of Petitioner's claims presents an issue that is cognizable on habeas review, because each of the claims alleges only a violation of state law. (Dkt. 8, Resp.'s Br. at 3.) Respondent points out that the Michigan Supreme Court established a proportionality standard of review for sentences issued under the Michigan Sentencing Guidelines in *People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1 (1990), but that it was not based on federal constitutional law or analysis. (*Id.*) Therefore, a claim that a sentence violates the *Milbourn* proportionality principle is a state claim that is not cognizable as a federal habeas claim. *See Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994) ("Petitioner's claim that his sentence violates the proportionality principle of *People v. Milbourn* does not state a claim cognizable in federal habeas corpus.").

## 3. Discussion

It is well-settled that a habeas court may review only those claims based on federal law. *See* 28 U.S.C. § 2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990). In addition, not only must the claims in the habeas petition be based on federal law, but the federal claims must also have been fairly presented to the state courts:

> Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), but "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

In this case, Toland asserted to the Michigan appellate courts that his sentence was in violation of state law and he continues to assert the same claims before this Court. He has never, either in the state courts or here, cited a federal case or statute. Furthermore, the Michigan cases he relies upon, such as *Milbourn, supra*, do not rely upon federal cases. Therefore, I suggest that Petitioner's claims are not cognizable on habeas review and that the petition should be denied.

Alternatively, even if Petitioner had presented his sentencing claims in terms of violations of federal law, I suggest that the petition would still be subject to denial.

> In *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983), the Supreme Court determined that the Eighth Amendment requires that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." In *Chandler v. Jones*, 813 F.2d 773, 777-79 (6th Cir. 1987), this court reconciled the *Solem* decision with the decision in *Rummell v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and concluded that the relative harshness of the sentence imposed determines whether a court need entertain a contention that the sentence was disproportionately harsh as defined in *Solem*. The *Chandler* court determined that because the defendant in that case was serving a life sentence with the possibility of parole, in contrast to a life sentence without parole, it would not engage in an extensive proportionality analysis as provided in *Solem*.

*U.S. v. Pedigo,* 879 F.2d 1315 (6th Cir. 1989). *See also United States v. Dumas*, 921 F.2d 650, 653 (6th Cir. 1990) (holding that "proportionality analysis is limited to extreme cases where . . . a defendant faces life imprisonment without parole"); *United States v. Rhodes*, 779 F.2d 1019, 1028 (4th Cir. 1985) (finding the *Solem* proportionality analysis is required "only in those cases involving life sentences without parole"). In this case, where Petitioner was not sentenced to life without parole, this Court would not entertain a claim that a state sentence was disproportionately harsh in violation of the Eighth Amendment.

Accordingly, I suggest that the petition be denied.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
CHARLES E. BINDER
Dated: June 17, 2008                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Brad H. Beaver, served on Darryl Toland by First-Class Mail, and served on U.S. District Judge Thomas Ludington in the traditional manner.

Dated: June 17, 2008          By      s/Mimi D. Bartkowiak
                              Law Clerk to Magistrate Judge Binder