UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL TOLAND,

        Petitioner,

                                                  Honorable Thomas L. Ludington
v.                                           Case Number : 06-11005-BC

ANDREW JACKSON,

        Respondent.
                                           /

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS,
AND DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a report and recommendation issued by Magistrate Judge Charles E. Binder on June 17, 2008, recommending denying Petitioner Darryl Toland's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner timely filed objections to the magistrate judge's report and recommendation.

Petitioner was convicted of two counts of criminal sexual conduct in the second degree, Mich. Comp. Laws § 750.520c, and sentenced as a habitual offender, Mich. Comp. Laws § 769.12. He seeks a writ of habeas corpus, based on his contention that his minimum sentence was not proportional and that substantial and compelling reasons did not exist to justify an upward departure. The magistrate judge recommended denying Petitioner's petition because habeas relief generally requires that a state court decision be contrary to federal law and because Petitioner had asserted challenges under only state law. Additionally, the magistrate judge concluded that, even under federal law, pursuant to *Solem v. Helm*, 463 U.S. 277 (1983), Petitioner could not raise a proportionality challenge to a sentence that does not involve life without parole.

In Petitioner's timely filed objections, he focuses exclusively on his state law arguments.

He does not discuss federal proportionality law, but instead insists that magistrate judge erred by concluding that Petitioner did not rely on federal law. " Petitioner objects as he did cite state cases that rely on federal constitution[al] law where the minimum sentence was not proportionate and twice the sentencing guidelines." Pet. Obj., p. 2 [dkt #28]; *see also id*. ("Petitioner did cite state cases that rely on federal constitution[al] law.").

Apart from repeating his assertion that he has relied on federal law and that state cases also relied on federal law, Petitioner goes no further in articulating a legal basis that shows how he might secure habeas corpus relief based on a possible state court disregard for federal constitutional law. Indeed, the magistrate judge correctly stated that Petitioner's arguments draw exclusively from state law, as Petitioner's brief in support of his petition shows. Further, while some of those state cases do cite to federal precedents, the magistrate judge again has correctly pointed out that the state court decisions do not rely on federal law to reach conclusions about the operation of the state statutory sentencing scheme. Consequently, Petitioner's objections provide no basis for rejecting the magistrate judge's correct conclusion that Petitioner has not shown how a state court decision was "contrary to" Supreme Court precedent.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #27] is **ADOPTED**, that Petitioner's objections are **OVERRULED**, and that his petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **GRANTED**, because reasonable jurists could find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Also, if Petitioner decides to appeal this Court's decision, he may do so *in forma pauperis*, because he was permitted to proceed *in forma pauperis* before this

Court and the appeal could be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 9, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS